

FILED
DEC 14 2009

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

YACHT WEST, LTD., a Cayman Islands company,

        Plaintiff,

v.

CHRISTENSEN SHIPYARDS, LTD., a Washington corporation; and DAVID H. CHRISTENSEN,

        Defendants.

Civil No. 07-1547-KI

JUDGMENT

This matter involves (1) claims by plaintiff Yacht West, Ltd. ("Yacht West") arising out of the construction of a boat by defendant Christensen Shipyards, Ltd. ("CSY"), (2) a claim by Yacht West under a guaranty issued by defendant David H. Christensen in connection with construction of the boat and (3) counterclaims by CSY against Yacht West relating to delay in construction of the boat and the nature of Yacht West's claims. All of these claims, having either been heard on motions before the Court or having come before a jury and the Court for a full trial on the merits,

    IT IS HEREBY ADJUDGED AS FOLLOWS:

Page 1 - JUDGMENT

1. Yacht West's First Claim for Relief for Fraudulent Inducement against CSY, Second, Eighth and Ninth Claims for Relief for Negligent Misrepresentation against CSY, Third Claim for Relief for violation of the Washington Consumer Protection Act against CSY, and Thirteenth Claim for Relief for Declaratory Judgment against CSY, as alleged in Yacht West's First Amended Complaint, are hereby dismissed with prejudice in accordance with the Court's Opinion and Order dated May 14, 2009;

2. Yacht West's Fourth and Fifth Claims for Relief for Fraudulent Misrepresentation against CSY and Sixth and Seventh Claims for Relief for Failure to Disclose against CSY, as alleged in Yacht West's First Amended Complaint, are hereby dismissed with prejudice in accordance with the Court's oral ruling during the Pretrial Conference on November 2, 2009;

3. Yacht West's Eleventh Claim for Relief for Breach of the Covenant of Good Faith and Fair Dealing against CSY as alleged in Yacht West's First Amended Complaint is hereby dismissed with prejudice in accordance with the Court's oral ruling issued during trial on November 18, 2009.

4. Yacht West's Tenth Claim for Relief for Breach of Contract against CSY as alleged in the First Amended Complaint was amended by the Pretrial Order (Docket No. 120) to dismiss those portions of the claim alleged in paragraphs, 113 through 125, 135 through 147, 151 through 156 and 161 through 169 of the First Amended Complaint, all of which are hereby dismissed with prejudice.

5. Yacht West's Tenth Claim for Relief for Breach of Contract against CSY as alleged in the First Amended Complaint and amended by the Pretrial Order was further amended during trial to dismiss those claims for damages alleged in paragraphs 3.f, 3.g, 3.h, 3.i, 3.j, 3.k., 3.l, 3.m, 3.n and 3.o of the Fifth Claim of the Pretrial Order, all of which are hereby dismissed

with prejudice. In addition, that portion of Yacht West's Tenth Claim for Relief alleged in paragraph 6 of the Fifth Claim of the Pretrial Order seeking damages for lost charter income is dismissed with prejudice in accordance with the Court's oral ruling issued during trial on November 18, 2009.

6.   The remainder of Yacht West's Tenth Claim for Relief for Breach of Contract against CSY as alleged in its First Amended Complaint and amended by the Pretrial Order was tried to a jury beginning on November 12, 2009 and concluding on November 30, 2009. Special interrogatories were submitted to the jury, which answered them as follows:

a.   Has Yacht West proven by a preponderance of the evidence that Christensen Shipyards breached the contract with Yacht West by constructing and delivering a yacht that has a structural problem in the form of either: (1) a vibration; or (2) weight in excess of the contract requirements?

ANSWER: Yes.

b.   If you answered "Yes" to question [a], what damages has Yacht West experienced as a result of the breach in question [a]?

ANSWER: $2,000,000.

c.   Has Yacht West proven by a preponderance of the evidence that Christensen Shipyards breached the contract with Yacht West by constructing and delivering a yacht with an exhaust system that exits out the side of the yacht instead of aft of the propellers?

ANSWER: Yes.

d.   If you answered "Yes," did Yacht West waive this breach?

ANSWER: No.

Page 3   -   JUDGMENT

e. Was Christensen Shipyards' performance excused because of impossibility or impracticability?

ASNWER: No.

f. If you answered "no" to both of [questions d and e], what damages, if any, has Yacht West experienced as a result of the breach in question [c]?

ANSWER: $2,600,000.

g. Has Yacht West proven by a preponderance of the evidence that Christensen Shipyards breached the contract with Yacht West by constructing and delivering a yacht with defective paint work?

ANSWER: Yes.

h. If you answered "Yes" to question [g], what damages has Yacht West experienced as a result of the breach in question [g]?

ANSWER: $125,000.

Based on the foregoing interrogatory answers and verdict returned by the jury, judgment is hereby granted on Yacht West's Tenth Claim for Relief in favor of Yacht West and against CSY in the sum of $4,725,000.

7. Yacht West's Fourteenth Claim for Relief for Breach of Contract against CSY as alleged in Plaintiff's Amendment to First Amended Complaint was tried to a jury beginning on November 12, 2009 and concluding on November 30, 2009. Special interrogatories were submitted to the jury, which answered them as follows:

a. Has Yacht West proven by a preponderance of the evidence that Christensen Shipyards breached the contract with Yacht West by constructing and

delivering a yacht with a davit support structure that was not constructed in accordance with the contract requirements?

ANSWER: Yes.

b.   If you answered "Yes" to question [a], what damages has Yacht West experienced as a result of the breach in question [a]?

ANSWER: $34,625.

Based on the foregoing interrogatory answers and verdict returned by the jury, judgment is hereby granted on Yacht West's Fourteenth Claim for Relief in favor of Yacht West and against CSY in the sum of $34,525,

8.   Yacht West's Twelfth Claim for Relief for Breach of Guaranty against David Christensen as alleged in its First Amended Complaint, having been heard by the Court, and the jury having answered interrogatories as set forth in paragraph 5, above and in the Special Verdict form submitted to the jury, judgment is hereby awarded on Yacht West's Twelfth Claim for Relief in the amount of $4,725,000 in favor of Yacht West and against defendant David Christensen.

9.   CSY's First Counterclaim, as alleged in its Answer, Affirmative Defenses and Counterclaims to First Amended Complaint, was tried to a jury beginning on November 12, 2009 and concluding on November 30, 2009. Special interrogatories were submitted to the jury, which answered them as follows:

a.   Has Christensen Shipyards proven by a preponderance of the evidence that Yacht West breached the contract with Christensen Shipyards by causing construction and delivery delays?

ANSWER: Yes.

Page 5 - JUDGMENT

b.  If you answered "Yes" to question [a], what damages, if any has Christensen Shipyards experienced as a result of the breach in question?

ANSWER: $3,272,858.

Based on the foregoing interrogatory answers and verdict returned by the jury, judgment is hereby granted on CSY's First Counterclaim in favor of CSY and against Yacht West in the sum of $3,272,858,

10. CSY's Second Counterclaim, as alleged in its Answer, Affirmative Defenses and Counterclaims to First Amended Complaint, having not been the subject of any evidence or argument at trial, was constructively dismissed by CSY and/or not prosecuted and is hereby dismissed with prejudice by the Court.

11. Any petitions to recover costs and attorneys' fees pursuant to Fed. R. Civ. P. 54 shall be submitted after final resolution of any post-trial motions in accordance with a schedule to be determined by the Court.

DATED: December 14, 2009.

_____
Honorable Garr M. King